**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

SHARREEN HARDY,

       Plaintiff,                      CIVIL ACTION NO. 13-CV-11022

vs.

                                      DISTRICT JUDGE PAUL D. BORMAN

BANK OF AMERICA,            MAGISTRATE JUDGE MONA K. MAJZOUB

       Defendant(s).
_____/

**REPORT AND RECOMMENDATION**

**I.**    **RECOMMENDATION:**  This Court recommends that Plaintiff's case be **DISMISSED** pursuant to 28 U.S.C. § 1915(e)(2)(B) because Plaintiff has failed to state a claim upon which relief may be granted and her allegations lack an arguable basis in law or fact and are frivolous.

**II.**    **REPORT:**

Plaintiff Sharreen Hardy, claiming to be a living, breathing natural born American Citizen and a non-licensed attorney litigant, brings this *pro se* action against Defendant Bank of America. The allegations in Plaintiff's filings are difficult to decipher. It appears that Plaintiff may have a dispute with Defendant regarding a mortgage loan and promissory note. (Docket no. 3). In the alternative, Plaintiff may be pursuing a claim under the Fair Debt Collection Practices Act. Plaintiff states that there is a dispute regarding a loan and "who loaned what to whom to fund the 'alleged loan.' " (Docket no. 3). She claims that she is the lender and Bank of America is the borrower. She also claims that she has sustained damages in the amount of $29,108,016. (Docket no. 3).

Based on Plaintiff's filings it appears that she sent Defendant an "Affidavit of Truth" in

which she makes a confusing array of allegations, not the least of which is that she is the "lender" and Defendant Bank is the "borrower" in an "alleged loan" transaction. When Defendant failed to respond to the Affidavit of Truth, Plaintiff sent it a "Notice of Fault and Opportunity to Cure and Contest Affidavit." (Docket no. 3). The Notice of Fault informs Defendant that it is in "fault" and in agreement with the term's of Plaintiff's "presentment through [Defendant's] dishonor." (Docket no. 3). When Defendant failed to respond to the Notice of Fault, Plaintiff sent it an "Affidavit of Notice of Default," a "Notice of Non-Response," and various demands for payment of damages in the amount of $29,108,016. (Docket no. 3). Plaintiff has now filed these and a host of other documents with the Court in support of a "Notice of Private Administrative Judgment" and "Notarial Protest and Notice of Administrative Judgment Certificate of Dishonor." (Docket no. 1). Plaintiff seeks the money she claims is now owed to her and purports to be a secured creditor of Defendant Bank with rights to "all property belonging to the Debtor [Defendant]." (Docket no. 1).

In April 2013 this matter was consolidated with case no. 13-11426, in which Plaintiff makes similar if not identical claims against Michigan First Credit Union. (Docket no. 16). The order of consolidation directs the parties to file all documents in case no. 13-11022. (Docket no. 17). At the same time Plaintiff was granted leave to proceed *in forma pauperis*. (Docket no. 16). This matter has been referred to the undersigned for all pretrial matters and for initial screening pursuant to 28 U.S.C. § 1915(e)(2)(B). (Docket no. 16). The Court has not yet ordered the U.S. Marshal Service to serve Defendant(s) with a summons and copy of Plaintiff's filings.

28 U.S.C. § 1915(e)(2)(B) states that a district court has a duty to dismiss at any time a case in which the plaintiff is proceeding *in forma pauperis* if it determines that the action is frivolous or malicious or fails to state a claim on which relief may be granted. A complaint is frivolous if it lacks
2

an arguable basis in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A complaint lacks an arguable basis in law or fact if it contains factual allegations that are "fantastic or delusional" or if it is based on legal theories that are indisputably meritless. *Brown v. Bargery*, 207 F.3d 863, 866 (6th Cir. 2000). A complaint fails to state a claim on which relief may be granted if fails to contain facts sufficient to state a claim to relief that is plausible on its face. *Bishop v. Lucent Tech., Inc.*, 520 F.3d 516, 519 (6th Cir.2008) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. at 555, 570 (2007)).

In this case, even viewing the allegations in the light most favorable to Plaintiff, Plaintiff's filings fail to suggest any basis for relief or set forth facts sufficient to state any plausible claim against any party. Furthermore, the undersigned suggests that Plaintiff's allegations, including that Defendant Bank is the borrower and Plaintiff the lender, or that Plaintiff is a secured creditor with rights to all of Defendant Bank's property, lack an arguable basis in law or fact and are frivolous. Accordingly, the undersigned recommends that Plaintiff's case be *sua sponte* dismissed under 28 U.S.C. § 1915(e)(2)(B).

**III.**     **NOTICE TO PARTIES REGARDING OBJECTIONS:**

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within fourteen (14) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and E.D. Mich. LR 72.1(d)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health & Human Servs.,* 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Filing of objections which raise some issues but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation. *Willis v.*

*Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987).  Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this magistrate judge.

Any objections must be labeled as "Objection #1," "Objection #2," etc.  Any objection must recite *precisely* the provision of this Report and Recommendation to which it pertains.  Not later than fourteen (14) days after service of an objection, the opposing party must file a concise response proportionate to the objections in length and complexity.  The response must specifically address each issue raised in the objections, in the same order and labeled as "Response to Objection #1," "Response to Objection #2," etc.

Dated: August 26, 2013				s/ Mona K. Majzoub
						MONA K. MAJZOUB
						UNITED STATES MAGISTRATE JUDGE

**PROOF OF SERVICE**

I hereby certify that a copy of this Report and Recommendation was served upon Sharreen Hardy and Counsel of Record on this date.

Dated: August 26, 2013				s/ Lisa C. Bartlett
						Case Manager